SAMUEL W. HARRIS

*v.*

JOHN A. SIMMERMAN *et al.*

PAYMENT—*when agent authorized to receive.* Where an agent for the sale of safes sold a new safe, and took an old one in part payment, which was reported to the principal, who accepted the old safe and sent the one sold to the purchaser, without any notice to him that the agent had transcended his authority, it was *held*, that the purchaser had a right to suppose that the agent was authorized to receive pay for the safe so sold by him, and that payment by the purchaser to such agent was good as against the principal, if made without any notice that the agent was not authorized to receive it.

APPEAL from the Circuit Court of DeWitt county; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. MOORE & WARNER, for the appellant.

Messrs. FULLER & GRAHAM, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The suit is for the balance due for a safe sold and delivered by the plaintiff to the defendants. Proof is made of payment to one Cochnower, the agent of plaintiff, by whom the sale was effected, and the only question is, whether this payment is good as against the plaintiff.

Plaintiff testifies that Cochnower was only authorized to take orders for safes, and that he had no authority to receive payment.

The general rule is, that a person dealing with an agent constituted for a special purpose, does so at his peril, where the agent passes the precise limits of his power, though, if he pursues the power as exhibited to the public, his principal is bound, even if private instructions had still further limited the special power. 2 Kent's Coms. 8th ed. p. 806, side p. 621.

In the case before us, the agent received, at the time he sold the safe, an old safe, which he and defendants agreed should go in payment of $50 on the safe to be delivered by the plaintiff. Plaintiff accepted the old safe at this estimate and sent the new safe, and gave defendants no notice, until after they had paid Cochnower, that he had no authority to collect the balance due.

We think this transaction was a recognition of a right in the agent to receive payment—a holding of him out to the public as authorized to collect, as well as to sell. If he was authorized to receive old safes in part payment, fixing and agreeing upon their value, the inference would be that he might also receive money.

Plaintiff should, at once, upon the receipt of the old safe, which was express notice to him that his agent was exceeding what he says was the authority confided to him, have notified the defendants that the agreement was beyond his authority, and that he was not authorized to receive payment. By the acquiescing of the plaintiff in the arrangement the agent made, defendants were justified in assuming that the agent had the power to collect, as he represented he had, and not being otherwise informed until after they had made payment, the plaintiff should be bound by the payment.

We consider it of no special significance that the order for the safe, and agreement of price to be paid, were in writing and not verbal. The writing was delivered to the agent, and there was nothing in it which precluded payment to be made to an agent, instead of the plaintiff.

The judgment is affirmed.

*Judgment affirmed*